# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**AMANDA McCORMICK**
**Claimant Below, Petitioner**

**FILED**
**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-446**      (JCN: 2024014443)

**ORGILL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda McCormick appeals the October 14, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Orgill, Inc. ("Orgill") did not appear.[1] The issue on appeal is whether the Board erred in affirming the claim administrator's order, which closed the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds error in the Board's decision but no substantial question of law. For these reasons, a memorandum decision vacating and remanding the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. McCormick completed an Employees' and Physicians' Report of Occupational Injury form dated January 22, 2024, which states that she suffered a work injury to her right shoulder while pushing freight on a conveyor belt. The physicians' section was completed by Katherine Hart, NP, on the same date. NP Hart indicated that Ms. McCormick sustained an occupational injury to her right shoulder. By order dated February 14, 2024, the claim administrator rejected the claim, on the basis that the alleged injury did not occur in the course of and resulting from Ms. McCormick's employment. Ms. McCormick protested this order to the Board.

Ms. McCormick underwent an MRI of her right shoulder on October 29, 2024, which revealed the following findings: (1) a full-thickness retracted tear of the long biceps tendon with a 5mm scarred stump at the anchor, (2) a degenerative SLAP tear; and (3) mild acromioclavicular (AC) arthrosis with mild peripheral undersurface spurring of the acromion.

---

[1] Ms. McCormick is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Orgill did not appear.

1

On November 11, 2024, Ms. McCormick underwent a subpectoral open biceps tenodesis of the right shoulder performed by Garth Wright, M.D. The post-operative diagnosis was a right biceps tendon rupture. On November 19, 2024, Ms. McCormick followed up with Dr. Wright regarding the procedure. She reported improved symptoms, except that she was having some discomfort with the brace. Dr. Wright assessed subpectoral biceps tenodesis, which he said was healing well. Ms. McCormick told Dr. Wright that she hoped to return to work but that her employer required her to pass a physical exam before returning to work. Dr. Wright stated that Ms. McCormick was scheduled to begin physical therapy in one and a half weeks, and he recommended that she follow up with him in three weeks to address her return to work status.

On December 2, 2024, Ms. McCormick began treatment with Melissa Caton, PT, at Inwood Rehab and Wellness. PT Caton diagnosed a left biceps tendon rupture; right shoulder pain, adhesive capsulitis of the right shoulder; and a labral tear of the right long head of biceps tendon. Ms. McCormick participated in physical therapy for her right shoulder from December 2, 2024, through February 13, 2025.

On December 12, 2024, Ms. McCormick saw Torri Lipton, APRN, for post-operative follow up for her right subpectoral biceps tenodesis. APRN Lipton noted that Ms. McCormick's right arm was in a sling and that she was participating in postoperative physical therapy. Ms. McCormick reported concern about returning to work because she had to pass a physical examination, which included lifting sixty-pound crates. APRN Lipton assessed biceps tendon rupture and right shoulder pain and recommended that Ms. McCormick continue with physical therapy.

Ms. McCormick followed up with Dr. Wright on January 17, 2025. Ms. McCormick reported some limitations with lifting and stated that she was still in physical therapy. Dr. Wright assessed status post-surgery, biceps tendon rupture, right shoulder pain, adhesive capsulitis of the right shoulder, and a labral tear of the long head of the biceps tendon.

By order dated January 22, 2025, the Board reversed the claim administrator's order and held the claim compensable for right shoulder sprain and right shoulder adhesive capsulitis. The Board remanded the claim to the claim administrator to address Ms. McCormick's entitlement to TTD benefits.

Dr. Wright completed an Attending Physician's Benefit form dated February 6, 2025. Dr. Wright indicated that Ms. McCormick was not at maximum medical improvement, and he provided a period of disability from November 11, 2024, through an estimated date of February 12, 2025.

On March 13, 2025, the claim administrator closed Ms. McCormick's claim for TTD benefits on the basis that she failed to submit medical evidence showing that she remained disabled.[2] Ms. McCormick protested this order.

By order dated October 14, 2025, the Board affirmed the claim administrator's order, which closed the claim for TTD benefits. The Board observed that although Ms. McCormick submitted medical evidence indicating she was disabled through February 12, 2025, she did not submit evidence that she was disabled after the claim was closed for TTD benefits on March 13, 2025. It is from this order that Ms. McCormick now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. McCormick argues that the Board's March 13, 2025, order was clearly wrong for not modifying the TTD claim closure order to provide Ms. McCormick with TTD benefits for a closed period from November 11, 2024, through February 11, 2025. Under West Virginia Code § 23-4-7a, a claimant's entitlement to TTD benefits ceases when a claimant reaches MMI, is released to return to work, or returns to work, whichever occurs first.

On January 22, 2025, the Board ordered that the claim be recognized as compensable for a right shoulder sprain and right shoulder adhesive capsulitis. Ms.

---

[2] We note that the claim administrator's order is referenced in the Board's order but is not in the record on appeal.

McCormick asserts that she is entitled to receive TTD benefits for the period of November 11, 2024, to February 11, 2025. We note that November 11, 2024, corresponds to the date Ms. McCormick underwent surgery for a biceps tendon tear. Ms. McCormick argues that after her injury in December of 2023, she participated in physical therapy and then returned to work. However, on October 14, 2024, she suffered an aggravation or progression of her injury, diagnosed as a right biceps tendon rupture, rendering her temporarily totally disabled from work. Ms. McCormick notes that an earlier MRI revealed tendinosis of the long head of the biceps tendon, and contends that her current diagnosis, biceps tendon rupture, is a progression of the original injury.[3]

As previously mentioned, the Board affirmed the claim administrator's order closing the claim because it determined that Ms. McCormick did not submit evidence of TTD for periods after March 13, 2025. However, Ms. McCormick is not requesting benefits for periods after March 13, 2025. She is requesting TTD benefits from November 11, 2024, to February 11, 2025. In other words, the Board's order addresses a period not requested by Ms. McCormick.

Because the Board did not address the period of TTD benefits requested by Ms. McCormick, we vacate the Board's order of October 14, 2025, and remand the issue of TTD to the Board with instructions that it review the evidentiary record and make a determination whether Ms. McCormick was temporarily and totally disabled due to the compensable injury from November 11, 2024, through February 11, 2025.

Accordingly, we vacate and remand the Board's October 14, 2025, order.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[3] We note that the prior MRI is not in the record in this appeal, although the Board's order dated January 22, 2025, is in our record. The Board's January of 2025 order references an MRI performed on February 6, 2024.